UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARK A. TORNELLO,

                Plaintiff,      07 Civ.   ( )

-against-

                **ROBINSON**
                **COMPLAINT**

ROBERT EARL SANDERS,

                     **Jury Trial Demanded**

                Defendant.

-------------------------------------------------------x

**ORIGINAL**

**07 CIV. 4064**

Plaintiff MARK A. TORNELLO, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendant while acting under color of the laws of the State of New York in his capacity as a New York State Trooper, for violations of Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff MARK A. TORNELLO is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. Plaintiff is approximately 5' 10" tall and weights one hundred seventy-five pounds. Prior to the occurrence of the events referenced *infra* Plaintiff has suffered from a continuing physical disability that affects his ability to ambulate and prevents him from running.

4. Defendant ROBERT EARL SANDERS (hereinafter "Sanders"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as a New York State Trooper. Sanders is approximately 6' 1" tall and weights approximately two hundred thirty pounds.

## THE FACTS

5. On November 30, 2006, at approximately 4:15 P.M. Plaintiff was lawfully operating a commercial vehicle on the northbound side of Interstate 95 at or about the New Rochelle toll barrier when Sanders, who was on duty and operating a marked so-called troop car, stopped him ostensibly for the purpose of inspecting that vehicle. In that connection Sanders took Plaintiff's driver's license from him and directed Plaintiff to locate and bring to him his registration and insurance card.

6. Plaintiff exited his truck in order to comply with Sander's directive and to hand him his registration and insurance card at which time Sanders, who appeared angry and out-of-control, falsely exclaimed to Plaintiff: "You touched me! You never touch a Trooper!"

7. In light of Sanders' threatening demeanor and false accusation Plaintiff slowly retreated to his vehicle - - with Sanders advancing along side of him - - with a view towards getting into and remaining in the cab while Sanders performed the inspection.

8. As Plaintiff attempted to pull himself up into the driver's seat of his vehicle, Sanders without warning and/or provocation grabbed Plaintiff from behind by his hair and trousers, forcefully pulled him backwards out of the vehicle and ordered him to lie down on the pavement. When Plaintiff attempted to comply with this directive Sanders forcefully struck Plaintiff purposefully driving Plaintiff's body into the pavement resulting serious physical injury including a herniated disc in his neck. Sanders then forcibly handcuffed Plaintiff, causing an immediate inflammation of Plaintiff's pre-existing carpal tunnel syndrome and arthritic condition and had him transported to a State Police Barracks, where he was handcuffed to a wall prior to being processed.

9. On December 4, 2006, Sanders prepared, swore to, and filed with the Justice Court, Town of Mamaroneck (hereinafter the "Town Court") two misdemeanor informations. The first accused Plaintiff of Obstructing Governmental Administration in violation of New York State Penal Law Section 195.05 and alleged as "fact" *in toto* that at:

> "the aforementioned time, date and on Interstate 95 – Northbound, said defendant did operate a 1996 Ford, color Gray, bearing New York registration 26715JD. After being stopped by the deponent for a Commercial Vehicle inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from the inspection."

The second information accused Plaintiff of Resisting Arrest in violation of Penal Law Section 205.30, reciting as "fact" *in toto* that:

> "After being stopped by the deponent for a Commercial Vehicle Inspection, at mile marker 7.1, the defendant did attempt to enter his vehicle and drive away from such inspection. As a result of the defendants [*sic*.] action, the deponent attempted to place the defendant under arrest, at which time the defendant did become combative to avoid his arrest."

10. On or about February 28, 2007, Sanders conferenced these charges with two representatives of the Westchester County District Attorney's Office - - Assistant District Attorney Michael Jeffrey Ashraf and Assistant District Attorney and New Rochelle "Branch Chief" Michael J. Borrelli, Jr.

11. On the basis of Ashraf and Borrelli's advise to the effect that the facts as sworn to by Sanders in connection with the Obstructing Governmental Administration charge were legally insufficient and that he had to alter the facts in order to make out a *prima facie* Obstructing charge, Sanders agreed to do so.

12. As a result and on February 28, 2007, Sanders executed and filed with the Town Court a "Superseding Misdemeanor Information" in which he materially altered the allegations of "fact" so as to falsely provide the basis for an Obstructing charge:

> "The defendant. . .at the above date, time and place, did during a vehicle and traffic stop, and while your deponent was investigating a second vehicle that stopped on the breakdown lane of I-95, exit his vehicle and shove your deponent as your deponent was walking

4

towards the second vehicle. The defendant's actions caused your deponent to be harassed, annoyed, threatened and alarmed. Thereafter, the defendant began running back towards his vehicle. Your deponent instructed the defendant that he was under arrest and ordered him to stop. The defendant refused to stop running and then attempted to enter the driver's seat [sic.] of his vehicle which [sic.] was still running. Your deponent continued to tell him to stop, that he was under arrest and the defendant continued to pull himself into the vehicle as your deponent was attempting to pull him from the vehicle. The defendant struggled with your deponent in an effort to avoid being placed in handcuffs and under arrest. The defendant prevented your deponent from performing his lawful duties by shoving your deponent and attempting to flee the scene."

13. On April 23, 2007, Ashraf and Borrelli acting in concert with Sanders prosecuted the charges contained in the Superseding Misdemeanor Information at a bench trial held in Town Court, Town of Mamaroneck, New York (Jean Marie Brescia, J.).

14. On May 16, 2007, Justice Brescia rendered her verdict finding Plantiff "not guilty" on all counts.

15. As a proximate result of Defendant's conduct Plaintiff was: caused to suffer serious and debilitating physical injuries; substantial pecuniary losses; pain; suffering; emotional upset; anxiety; public humiliation; public embarrassment; shame; and was otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM

16. At the time of Plaintiff's arrest and imprisonment: i) Plaintiff was conscious of same; ii) he did not consent to same; iii) neither the arrest nor the imprisonment was privileged; and iv) there was no probable cause for either.

17. Under the premises Defendant's conduct violated Plaintiff's rights as guaranteed by reason of the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1 to "17", inclusive.

19. Since Defendant commenced and persisted in Plaintiff's criminal prosecution without probable cause, with malicious intent, and with the resulting acquittal of Plaintiff on all criminal charges, Defendant's conduct violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraph "8".

21. Defendant's use of excessive force violated Plaintiff's rights as guaranteed by reason of the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Awarding such punitive damages as the jury may impose,

b. Awarding such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      May 22, 2007

LOVETT & GOULD, LLP
By:_____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401