UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK A. TORNELLO,

        Plaintiff,                07 Civ. 4064 (SCR)(LMS)

  - against -

**ANSWER**

ROBERT EARL SANDERS,

        Defendant.              **JURY TRIAL DEMANDED**
------------------------------------------------------------X

Defendant, Robert Earl Sanders, by his attorney, Andrew M. Cuomo, Attorney General of the State of New York, answers the complaint as follows:

1.    Defendant denies the allegations in plaintiff's complaint, except to the extent admitted below.

## PRELIMINARY STATEMENT

2.    Paragraph 1 purports to establish the jurisdiction of the Court and the basis of relief sought by plaintiff, and as such, no response is required. To the extent a response is required, defendant denies the allegations.

## JURISDICTION

3.    Paragraph 2 purports to establish the jurisdiction of the Court and the basis of relief sought by plaintiff, and as such, no response is required. To the extent a response is required, defendant denies the allegations.

## PARTIES

4.    Defendant denies knowledge of information sufficient to forma belief as to the truth of the allegations contained in paragraph 3 of the complaint.

5. Defendant denies the truth of the allegations asserted in paragraph 4 of the complaint to the extent that it alleges that defendant is approximately 6'1" tall. Defendant is 5"10 3/4 " tall. Defendant admits that at all times relevant to the complaint, he was employed as a New York State Trooper and that he weighs approximately two hundred thirty pounds.

## STATEMENT OF FACTS

6. Defendant denies the truth of the allegations asserted in paragraph 5 of the complaint except to admit that on the afternoon of November 30, 2006, plaintiff was operating a commercial vehicle proceeding northbound on Interstate 95, near the New Rochelle toll area, when he was stopped by defendant, New York State Trooper Robert Earl Sanders, in order to perform a commercial vehicle enforcement inspection, after plaintiff went through the toll area, just north of the toll barrier.

7. Defendant denies the truth of the allegations asserted in paragraph 6 of the complaint.

8. Defendant denies the truth of the allegations asserted in paragraph 7 of the complaint.

9. Defendant denies the truth of the allegations asserted in paragraph 8 of the complaint except to admit that based on plaintiff's actions, plaintiff was arrested by defendant, for obstructing governmental administration in violation of New York State Penal Law § 195.05 and resisting arrest, in violation of New York Penal Law § 205.30; plaintiff was also issued numerous violations of the Vehicle and Traffic Law; plaintiff was issued a New York State Police Appearance Ticket directing him to appear in the Mamaroneck Town Court on December 11, 2006; plaintiff was subsequently prosecuted by the Westchester County District Attorney's Office.

10. With respect to the allegations asserted in paragraph 9 of the complaint, defendant respectfully refers the Court to the written document for the full contents therein.

11. Defendant admits the allegations asserted in paragraph 10 of the complaint.

12. Defendant denies the truth of the allegations asserted in paragraphs 11 and 12 of the complaint except to admit that the Westchester County District Attorney's Office filed a Superceding Misdemeanor Information with respect to the charges against plaintiff and defendant respectfully refers the Court to the written document for the full contents therein.

13. Defendant denies the truth of the allegations asserted in paragraph 13 to the extent it alleges that Assistant District Attorneys Ashraf and Borrelli acted in concert with defendant in prosecuting the charges against plaintiff, except to admit that a bench trial was held in the Town Court of the Town of Mamaroneck on April 23, 2007 with respect to the charges against plaintiff, before the Honorable Jean Marie Brescia.

14. Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, with respect to the date Judge Brescia rendered a verdict as to the charges against plaintiff, except to admit that Judge Brescia found plaintiff not guilty as to all counts.

15. Defendant denies the truth of the allegations asserted in paragraph 15 of the complaint.

## AS AND FOR A FIRST CLAIM

16. In answer to paragraph 16 of the complaint, defendant repeats, reiterate and realleges each and every answer made to paragraphs 1 through 15 inclusive, with the same force and effect as though set forth herein once again at length and denies the truth of the allegations asserted in paragraph 16.

17. Defendant denies the truth of the allegations asserted in paragraph 17 of the

complaint.

## AS AND FOR A SECOND CLAIM

18. In answer to paragraph 18 of the complaint, defendant repeats, reiterate and realleges each and every answer made to paragraphs 1 through 17 inclusive, with the same force and effect as though set forth herein once again at length.

19. Defendant denies the truth of the allegations asserted in paragraph 19 of the complaint.

## AS AND FOR A THIRD CLAIM

20. In answer to paragraph 20 of the complaint, defendant repeats, reiterate and realleges each and every answer made to paragraphs 1 through 19 inclusive, with the same force and effect as though set forth herein once again at length.

21. Defendant denies the truth of the allegations asserted in paragraph 21 of the complaint.

## DEFENSES

## AS AND FOR A FIRST DEFENSE

22. The allegations of the complaint fail to rise to the level of a constitutional violation.

## AS AND FOR A SECOND DEFENSE

23. The complaint fails to state a claim or allege sufficient facts upon which relief can be granted.

## AS AND FOR A THIRD DEFENSE

24. To the extent that defendant lacked any personal involvement with plaintiff, and as the doctrine of respondeat superior does not apply to actions brought under 42 U.S.C. §1983,

defendant is immune from liability.

## AS AND FOR A FOURTH DEFENSE

25. Defendant's actions were not violative of plaintiff's clearly established constitutional rights and/or he reasonably believed that no clearly established constitutional rights existed that defendant could have violated, as such, defendant is entitled to qualified immunity. Moreover, defendant acted under the objectively reasonable belief that his acts were proper and in accord with clearly established law, and as such, defendant is entitled to qualified immunity.

## AS AND FOR A FIFTH DEFENSE

26. The alleged conduct was properly within the discretionary authority committed to defendant to perform his official functions and the relief prayed for would constitute an improper intrusion into said discretional authority.

## AS AND FOR A SIXTH DEFENSE

27. The remedies sought in the complaint are not authorized by the relevant statutes.

## AS AND FOR A SEVENTH DEFENSE

28. To the extent defendant is being sued in his official capacity, plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## AS AND FOR AN EIGHTH DEFENSE

29. At no time did defendant act willfully or maliciously in disregard of plaintiff's constitutional rights, and therefore, plaintiff is not entitled to punitive damages or other relief.

## AS AND FOR A NINTH DEFENSE

30. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, res judicata and/or collateral estoppel.

### AS AND FOR A TENTH DEFENSE

31.  Plaintiff's claims may be barred, in whole or in part, for failure to exhaust state and administrative remedies.

### AS AND FOR AN ELEVENTH DEFENSE

32.  Plaintiff's claims may be barred, in whole or in part, by the law-of-the-case doctrine.

### AS AND FOR A TWELFTH DEFENSE

33.  Plaintiff's claims may be barred, in whole or in part, by the applicable Statute of Limitations and/or by the doctrine of laches.

### JURY TRIAL DEMAND

Defendant demands a jury trial.

**WHEREFORE**, defendant Robert Earl Sanders respectfully requests that plaintiff's complaint be dismissed in it's entirety, and for such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 19, 2007

                                         ANDREW M. CUOMO
                                         Attorney General of the State of New York
                                         <u>Attorney for Defendant</u>
                                         By:

                                         _____
                                         MARIA B. HARTOFILIS (MBH5350)
                                         Assistant Attorney General
                                         120 Broadway
                                         New York, New York  10271
                                         (212) 416-6295

TO:   Jonathan Lovett
      Lovett & Gould, LLP
      222 Bloomingdale Road
      White Plains, NY 10605
      *Attorney for Plaintiff*

# DECLARATION OF SERVICE

MARIA BAROUS HARTOFILIS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on the 19th day of July, 2007, I caused to be served defendant Robert Earl Sanders' Answer to the Complaint upon the following named person:

> Jonathan Lovett
> Lovett & Gould, LLP
> 222 Bloomingdale Road
> White Plains, NY 10605

plaintiff's counsel, by OVERNIGHT MAIL, by depositing a true and correct copy thereof, properly enclosed in a pre-paid wrapper, in an overnight box regularly maintained by the government of the United States at 120 Broadway, New York, New York 10271, directed to said counsel for plaintiff at the address within the State designated by him for that purpose.

_____
Maria Barous Hartofilis

Executed on July 19, 2007